IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENESIS ARIAS, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : : | FILED ELECTRONICALLY ON SEPTEMBER 6, 2024 |
| v. | : : | |
| CITY OF WILKES-BARRE and CITY OF WILKES-BARRE POLICE CIVIL SERVICE COMMISSION, | : : : : | |
| Defendants. | : : | |

## COMPLAINT – CLASS ACTION

Genesis Arias ("Plaintiff") brings this lawsuit against the City of Wilkes-Barre ("City") and the City of Wilkes-Barre Police Civil Service Commission ("Commission") (together "Defendants"), seeking all available relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment as actionable through 42 U.S.C. § 1983. As alleged herein, Defendants have adopted and implemented purported "physical fitness" requirements that discriminate against Plaintiff and other women seeking employment as police officers with the Wilkes-Barre Police Department ("Police Department").

### PARTIES

1. Plaintiff resides in Drums, PA (Luzerne County).

2. The City is a municipal entity maintaining a principal place of business at 40 East Market Street, Wilkes-Barre, PA 18711 (Luzerne County).

3. The Commission is a municipal entity maintaining a principal place of business at 40 East Market Street, Wilkes-Barre, PA 18711 (Luzerne County).

4. Defendants are employers under Title VII and the PHRA.

5. Defendants have acted under color of state law with respect to all conduct alleged herein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a), and 1367.

7. Venue in this Court is proper under 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. As indicated by the Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination (filed with the EEOC on May 11, 2023), the EEOC Amended Charge of Discrimination (filed with the EEOC on February 8, 2024), and the Determination and Notice of Rights (issued by the EEOC on June 12, 2024), Plaintiff has satisfied all administrative requisites to filing suit under Title VII.  *See* Exhibit A.

9. Plaintiff has satisfied all administrative requisites to filing suit under the PHRA because she dual-filed her complaint with the Pennsylvania Human Relations Commission over one year ago.  *See* Exhibit A.

## FACTUAL ALLEGATIONS

10. The City operates the Police Department with the goal of, *inter alia*, "protecting life and property" within the City and "work[ing] in concert with all residents, visitors, and businesses . . . to forever aim toward improving the quality of life in the city."[1]

11. The City also has established the Commission.  During the underlying EEOC proceedings, the City explained that the Commission "consists of three members who were

---

[1] https://www.wilkes-barre.city/police (last visited 9/5/24).

appointed to serve" by the City's Mayor and "provide[s] for and oversee[s] the examination of applicants for appointment and promotion to any position in the police or fire departments." Acting in this capacity, "[t]he Commission establishes guidelines for which applicants are screened, tested, and scored to obtain standing on a certified hiring list."

12. Women are significantly under-represented within the Police Department's ranks. For example, while women comprise approximately 51% of the City's population,[2] the Police Department employs only 4 female police officers[3] out of over 80 total police officers.

13. Courts have previously found that certain "physical fitness" requirements can create unjustified barriers to women seeking to serve their communities as police officers. *See, e.g.*, *United States v. Commonwealth of Pennsylvania*, 2017 WL 4354917, 2017 U.S. Dist. LEXIS 163484 (M.D. Pa. Oct. 2, 2017) (Rambo, J.); *Arndt v. City of Colorado Springs*, 263 F. Supp. 3d 1071 (D. Colo., July 12, 2017). Here, as summarized below, Defendants have constructed such barriers.

14. Specifically, Defendants require police officer job applicants to successfully complete *all* of the following tests: (i) a vertical jump of 15.5 inches within 3 attempts; (ii) 30 sit-ups; (iii) a 300-meter run in 66 seconds; (iv) 25 push-ups; and (v) a 1.5-mile run in 15 minutes and 54 seconds. The vertical jump test is administered *first*. Thus, applicants who fail the vertical jump are immediately eliminated from consideration and prohibited from performing sit-ups, the 300-meter run, the push-ups, and the 1.5-mile run.

15. Defendants' vertical jump requirement (and, possibly, some of the other physical

---

[2] *See* https://www.census.gov/quickfacts/fact/dashboard/wilkesbarrecitypennsylvania/EDU685216 (last visited 9/5/24).
[3] According to the City's representations to the EEOC.

fitness requirements) serves no legitimate governmental or business purpose, bears no meaningful relationship to the day-to-day work of City police officers, and is not predictive of one's ability to competently serve as a police officer.

16.     Plaintiff's circumstances exemplify how Defendants' physical fitness requirements prevent eminently qualified women from serving as City police officers.  Soon after graduating from Hazleton Area High School in 2010, Plaintiff served our Nation in the United States Army.  Upon enlistment, Plaintiff successfully completed the physical demands associated with, *inter alia*, a 19-week basic training program at Fort Leonard Wood in Missouri.  Thereafter, Plaintiff served on active reserve duty and was twice deployed to Guantanamo Bay (in February 2016 and again in November 2018, with each deployment lasting for one year), during which time she continued to satisfy all of the physical rigors of military service.  In April 2024, Plaintiff was honorably discharged.

17.     Since October 2017, Plaintiff has been employed at the Luzerne County Sheriff's Department, where she started in the position of Deputy Sheriff.  Plaintiff has consistently received excellent performance evaluations and, in February 2022, she was promoted from Deputy Sheriff to Sergeant.  Then, in June 2023, Plaintiff was promoted from Sergeant to Lieutenant.

18.     Notwithstanding her demonstrated qualifications for a law enforcement career, Defendants have on two separate occasions denied Plaintiff's application for employment as a City police officer on the basis of Defendants' "physical fitness" requirements.

19.     First, in 2022, Plaintiff passed Defendants' written police officer examination and was well-positioned for hire due to Defendants' "veteran's preference" policy.  However, Plaintiff was subsequently disqualified from consideration because, in or about July 2022, she

failed Defendant's vertical jump requirement.

20. Next, in 2023, Plaintiff once again passed Defendants' written police officer examination and was well-positioned for hire due to Defendants' "veteran's preference" policy. Once again, Plaintiff was subsequently disqualified from consideration because, in or about April 2023, she failed Defendant's vertical jump requirement.

21. In the absence of discovery, Plaintiff understands that other female police officer candidates have been denied employment with the City's Police Department due to their inability to satisfy Defendant's vertical jump requirement (and, possibly, some of the other physical fitness requirements). Such outcomes are discriminatory. As previously observed by this Court and as is widely understood, the types of physical fitness requirements imposed by Defendants on aspiring female police officers adversely impact female job applicants. *See Comm. of Pennsylvania*, 2017 WL 4354917, 2017 U.S. Dist. LEXIS 163484, at *34; *see also Arndt*, 263 F. Supp. 3d at 1083. Despite this reality and despite the fact that the *status quo* has resulted in a Police Department in which well over 90% of all police officers are male, the City persists in requiring Plaintiff and other women to clear a 15.5-inch vertical jump in order to serve as a police officer.

22. There are alternatives to Defendants' use of the "physical fitness" requirements for the screening and selection of applicants to the City's police force that have less disparate impact on women and would serve Defendants' legitimate interests.

## CLASS ALLEGATIONS

23. Plaintiff files this lawsuit on behalf of herself and all past, current, and future female applicants to the position of police officer with the City of Wilkes-Barre Police Department.

24. The putative class is so numerous that joinder of all class members is impracticable.

25. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

26. Plaintiff will fairly and adequately represent the class members and their interests and has retained competent and experienced counsel who will effectively represent the class members' interests.

27. Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendants' standardized Police Department hiring practices.

28. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief appropriate with respect to Plaintiff and the class.

29. Class certification under Federal Rule of Civil Procedure 23(b)(3) is also appropriate because there are questions of law or fact which are common to the class which predominate over any questions affecting only individual members, and a class action is a far superior method of fairly and efficiently adjudicating this controversy.

**COUNT I**
**Disparate Impact under Title VII**

30. Plaintiff repeats and reasserts the allegations set forth in all prior paragraphs as though fully stated herein.

31. An individual alleging a Title VII disparate impact claim must show (1) the employer used a facially neutral employment practice; (2) which caused a substantial adverse

impact on a protected group; and (3) "which cannot be justified as serving a legitimate business goal of the employer." *See Divine Equality Righteous v. Overbrook School for the Blind*, 2023 WL 4763994, 2023 U.S. Dist. LEXIS 128805, *17 (E.D. Pa. July 26, 2023).

32. Defendants' vertical jump requirement (and, possibly, some of the other physical fitness requirements) have adversely impacted Plaintiff and other female police officer job applicants by effectively denying them work as City police officers.

33. Defendants' vertical jump requirement (and, possibly, some of the other physical fitness requirements) does not serve Defendants' legitimate business goals because, *inter alia*, the requirement bears no meaningful relationship to the work of a City police officer.

34. By requiring all police officer job applicants to satisfy the vertical jump requirement (and, possibly, some of the other physical fitness requirements), Defendant has discriminated against Plaintiff and other female job applicants in violation of Title VII.

## COUNT II
### Disparate Treatment under Title VII

35. Plaintiff repeats and reasserts the allegations set forth in all prior paragraphs as though fully stated herein.

36. An individual alleging a disparate treatment claim under Title VII must make a prima facie showing that: "(1) [she] is a member of a protected class; (2) [she] was qualified for the position [she] sought to attain or retain; (3) [she] suffered and adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Divine*, 2023 WL 4763994, 2023 U.S. Dist. LEXIS 128805, at *17.

37. Plaintiff is a member of a protected class and is qualified for the position of City police officer.

38. Plaintiff, despite her qualifications, was denied appointment to the position of

City police officer.

39. By requiring Plaintiff and other female police officer job applicants to satisfy the vertical jump requirement (and, possibly, some of the other physical fitness requirements) notwithstanding their written test scores, military service, and other qualifications and notwithstanding clear evidence that such a requirement disadvantages female job applicants, Defendant has maintained a pattern, policy, and/or practice of discriminating against Plaintiff and other female job applicants in violation of Title VII.

## COUNT III
### Disparate Impact under PHRA

40. Plaintiff repeats and reasserts the allegations set forth in all prior paragraphs as though fully stated herein.

41. An individual alleging a disparate impact claim under the PHRA must show (1) the employer used a facially neutral employment practice; (2) which caused a substantial adverse impact on a protected group; and (3) "which cannot be justified as serving a legitimate business goal of the employer." *See Divine*, 2023 WL 4763994, 2023 U.S. Dist. LEXIS 128805, at *17 (applying Title VII's disparate impact standard to PHRA claim).

42. Defendants' vertical jump requirement (and, possibly, some of the other physical fitness requirements) has adversely impacted Plaintiff and other female police officer job applicants by effectively denying them work as City police officers.

43. Defendants' vertical jump requirement (and, possibly, some of the other physical fitness requirements) does not serve Defendants' legitimate business goals because, *inter alia*, the requirement bears no meaningful relationship to the work of a City police officer.

44. By requiring all police officer job applicants to satisfy the vertical jump requirement (and, possibly, some of the other physical fitness requirements), Defendant has

discriminated against Plaintiff and other female job applicants in violation of the PHRA.

## COUNT IV
### Disparate Treatment under PRHA

45. Plaintiff repeats and reasserts the allegations set forth in all prior paragraphs as though fully stated herein.

46. An individual alleging a disparate treatment claim under the PHRA must make a prima facie showing that: "(1) [she] is a member of a protected class; (2) [she] was qualified for the position [she] sought to attain or retain; (3) [she] suffered and adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *See Divine*, 2023 WL 4763994, 2023 U.S. Dist. LEXIS 128805, at *17 (applying Title VII's disparate treatment standard to PHRA claim).

47. Plaintiff is a member of a protected class and is qualified for the position of City police officer.

48. Plaintiff, despite her qualifications, was denied appointment to the position of City police officer.

49. By requiring Plaintiff and other female police officer job applicants to satisfy the vertical jump requirement (and, possibly, some of the other physical fitness requirements) notwithstanding their written test scores, military service, and other qualifications and notwithstanding clear evidence that such a requirement disadvantages female job applicants, Defendant has maintained a pattern, policy, and/or practice of discriminating against Plaintiff and other female job applicants in violation of the PHRA.

## COUNT V
### Equal Protection Per 42 U.S.C. § 1983

50. Plaintiff repeats and reasserts the allegations set forth in all prior paragraphs as

though fully stated herein.

51. The Equal Protection Clause of the Fourteenth Amendment, actionable pursuant to 42 U.S.C. § 1983, applies to municipal employers such as Defendants and prevents them from intentionally discriminating against women with respect to the hiring and other terms and conditions of employment.

52. Defendants have violated the Equal Protection Clause by implementing discriminatory policies, customs, and practices intended to prevent women from becoming City police officers. These policies, customs, and practices are executed and tolerated by municipal policymakers and have been undertaken with deliberate indifference to the constitutional rights of Plaintiff and other female citizens.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Certification of the case as a class action on behalf of the proposed Class;

B. A declaratory judgment that the practices complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*;

C. A declaratory judgment that the practices complained of herein are unlawful and violate the Equal Protection Clause.

D. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in the unlawful policies and practices alleged herein;

E. Recovery of lost back wages and fringe benefits;

F. An award of front pay;

G. Pre- and post-judgment interest to the fullest extent permitted under the law;

H. Compensatory damages to the fullest extent permitted under the law;

I. Punitive damages to the fullest extent permitted under the law;

J. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under

the law; and

K. Such other and further relief as this Court deems just and proper.

Date: September 6, 2024					/s/ Peter Winebrake
								Peter Winebrake
								/s/ Deirdre Aaron
								Deirdre Aaron
								/s/ Michelle Tolodziecki
								Michelle Tolodziecki
								Winebrake & Santillo, LLC
								715 Twining Road, Suite 211
								Dresher, PA 19025
								Phone: (215) 884-2491
								pwinebrake@winebrakelaw.com
								daaron@winebrakelaw.com
								mtolodziecki@winebrakelaw.com